**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| **KATHRYN LYNN CAMPBELL,** |
| **Plaintiff,** |
| **v.** |
| **AMERICAN INTERNATIONAL GROUP, INC, et al.,** |
| **Defendants.** |

**Civil Action 12-115  (RC)**

**MEMORANDUM OPINION**

Kathryn Lynn Campbell has brought this suit against the American International Group, Inc. ("AIG") and its board of directors, on behalf of herself and similarly situated holders of Equity Units issued by AIG.  Ms. Campbell alleges that AIG and its directors have breached their covenant of good faith and fair dealing under both Delaware and New York law, and that they have done so in bad faith and unjustly enriched themselves, both in violation of Delaware law.  She does not allege a federal cause of action, nor does she argue that this court has diversity jurisdiction over her state law claims.

The defendants have moved to dismiss her suit for lack of subject matter jurisdiction. Ms. Campbell argues that this court has jurisdiction over her state law claims by virtue of 15 U.S.C. §§ 77p and 78bb(f), as well as 28 U.S.C. §§ 1331, 1337, 1367(a), and 1391(b).

**I.  ANALYSIS**

In 1995, Congress passed the Private Securities Litigation Reform Act, 109 Stat. 737 (codified at 15 U.S.C. §§ 77z-1 and 78u-4), which "targeted 'perceived abuses of the class-action vehicle in litigation involving nationally traded securities,' and put limits on federal securities class actions."  *Kircher v. Putnam Funds Trust*, 547 U.S. 633, 636 (2006) (quoting *Merrill*

*Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 81 (2006)).  That legislation,

> had an unintended consequence: It prompted at least some members of the plaintiffs'
> bar to avoid the federal forum altogether. Rather than face the obstacles set in their
> path by the Reform Act, plaintiffs and their representatives began bringing class
> actions under state law, often in state court.  The evidence presented to Congress
> during a 1997 hearing to evaluate the effects of the Reform Act suggested that this
> phenomenon was a novel one; state-court litigation of class actions involving
> nationally traded securities had previously been rare.  To stem this "shif[t] from
> Federal to State courts" and "prevent certain State private securities class action
> lawsuits alleging fraud from being used to frustrate the objectives of" the Reform
> Act, Congress enacted [the Securities Litigation Uniform Standards Act of 1998, 112
> Stat. 3227].

*Dabit*, 547 U.S. at 82 (quoting Uniform Standards Act, §§ 2(2), (5), 112 Stat. 3227) (citations

omitted).

The Uniform Standards Act "amends 'in substantially identical ways' both the Securities

Act of 1933, 48 Stat. 74, and the Securities Exchange Act of 1934, 48 Stat. 881."  *Kircher*, 547

U.S. at 637 n.3 (quoting *Dabit*, 547 U.S. at 82 n.6) (citation omitted).  For ease of reference, the

court will rely exclusively on the amendments to the Securities Act of 1933.  *Cf. Kircher*, 547

U.S. at 637 n.3; *Dabit*, 547 U.S. at 82 n.6.  Those amendments begin by declaring that, as a

general matter, "the rights and remedies provided by this title shall be in addition to any and all

other rights and remedies that may exist at law or in equity."  112 Stat. 3227–28 (codified at 15

U.S.C. § 77p(a)).  The Uniform Standards Act does not limit the availability of state law

remedies "[e]xcept as provided in subsection (b)," *id.* at 3227 (codified at 15 U.S.C. § 77p(a)),

its "preclusion provision," *Kircher*, 547 U.S. at 636.

Subsection (b) "provides that private state-law 'covered' class actions alleging untruth or

manipulation in connection with the purchase or sale of a 'covered' security may not 'be

maintained in any State or Federal court.'"  *Id.* (quoting 112 Stat. 3228 (codified at 15 U.S.C. §

77p(b))); *see also id.* at 637 (defining "covered class action" as "a lawsuit in which damages are

sought on behalf of more than 50 people" and "covered security" as "one traded nationally and listed on a regulated national exchange"); *Atkinson v. Morgan Asset Mgmt., Inc.*, 658 F.3d 549, 552 (6th Cir. 2011) (The Uniform Standards Act "precludes claimants from filing class actions that (1) consist of more than fifty prospective members; (2) assert state-law claims; (3) involve a nationally-listed security; and (4) allege 'an untrue statement or omission of a material fact in connection with the purchase or sale of' that security." (quoting 15 U.S.C. § 77p(b)(1))); *Demings v. Nationwide Life Ins. Co.*, 593 F.3d 486, 491 (6th Cir. 2010) (The Uniform Standards Act "precludes most securities fraud class-action suits brought under state law."); *cf.* 112 Stat. 3230 (codified at 15 U.S.C. § 78bb(f)(1)).

Subsection (c) contains the "removal provision," *Kircher*, 547 U.S. at 636, which "authorizes removal to federal court of '[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b).'" *Id.* at 637 (quoting 112 Stat. 3228 (codified at 15 U.S.C. § 77p(c))); *see also id.* at 643 (quoting S. Rep. No. 105-182, at 8 (1998) ("§ 77p(c) 'provides that any class action described in Subsection (b) that is brought in a State court shall be removable to Federal district court, and may be dismissed pursuant to the provisions of subsection (b)'"); H.R. Rep. No. 105-640, at 16 (1998) (same)); *Atkinson*, 658 F.3d at 552 ("Where . . . defendants believe that [the Uniform Standards Act] precludes the state-court class action that names them, [the Uniform Standards Act] authorizes removal to federal court in contemplation of termination of the proceedings." (citing 15 U.S.C. § 77p(c)); *Madden v. Cowen & Co.*, 576 F.3d 957, 964–65 (9th Cir. 2009) (O'Connor, J.) ("To prevent actions precluded by [the Uniform Standards Act] from being litigated in state court, [the Uniform Standards Act] authorizes defendants to remove such actions to federal court, effectively ensuring that federal courts will have the opportunity to determine whether a state action is precluded." (citing 15

U.S.C. § 77p(c))); *cf.* 112 Stat. 3230 (codified at 15 U.S.C. § 78bb(f)(2)).   "As the Supreme

Court has explained, any suit removable under [the Uniform Standards Act's] removal provision,

§ 77p(c), is precluded under [the Uniform Standards Act's] preclusion provision, § 77p(b), and

any suit not precluded is not removable."  *Madden*, 576 F.3d at 965 (citing *Kircher*, 547 U.S. at

644).

Subsection (d) provides for the "PRESERVATION OF CERTAIN ACTIONS."  112 Stat. 3228

(codified at 15 U.S.C. § 77p(d)); *cf.* 112 Stat. 3230–31 (codified at 15 U.S.C. § 78bb(f)(3)).  As

relevant here, it saves some "covered class action[s]" that are "based upon the statutory or

common law of the State in which the issuer is incorporated (in the case of a corporation) or

organized (in the case of any other entity)" from the preclusion and removal provisions set out in

subparagraphs (b) and (c) by providing that such suits "may be maintained in a State or Federal

court by a private party."  112 Stat. 3228 (codified at 15 U.S.C. § 77p(d)(1)(A)); *cf.* 112 Stat.

3231 (codified at 15 U.S.C. § 78bb(f)(3)(A)(i)).[1]  This provision is sometimes referred to as the

"Delaware carve-out," because so many businesses are incorporated under the laws of that state.

*See, e.g.*, *Atkinson*, 658 F.3d at 553; *Madden*, 576 F.3d at 964.

Ms. Campbell argues that "may be maintained," 15 U.S.C. § 77p(d)(1)(A), is an

independent grant of federal jurisdiction over the set of covered class actions described in 15

U.S.C. § 77p(d)(1)(B).  She is wrong.  The structure of the statute is perfectly clear.

---

[1]  Subsection (d) goes on to similarly exempt from preclusion and removal suits brought
by state actors, 15 U.S.C. § 77p(d)(2); *cf. id.* § 78bb(f)(3)(B), and those seeking to enforce
contractual agreements between issuers and indenture trustees, *id.* § 77p(d)(3); *cf. id.*
§ 78bb(f)(3)(C); *see also Demings*, 593 F.3d at 491 (The Uniform Standards Act "contains
several savings clauses that act to preserve certain types of state-law claims that would otherwise
be precluded under the Act's general provisions." (citing 15 U.S.C. § 77p(d)(1)–(3))); *Madden*,
576 F.3d at 964 (The Uniform Standards Act "contains a savings clause the preserves certain
types of state-law claims that would otherwise be subject to its preclusion provision.").

4

Subsection (a) states the general rule: other claims are not precluded.  Subsection (b) sets out an exception to that rule: some "covered class actions" based on state law are precluded.  *See Atkinson*, 658 F.3d at 552; *Demings*, 593 F.3d at 491.  Subsection (c) provides a limited grant of jurisdiction to render subsection (b) effective: defendants in precluded class actions can remove them from state court so that a federal court can dismiss the suit.  *Atkinson*, 658 F.3d at 552; *Madden*, 576 F.3d at 964–65.  Subsection (d) makes several exceptions to the exception: the first is that, notwithstanding subsection (b), certain "covered class actions" based on state law are preserved.  15 U.S.C. § 77p(d)(1); *Demings*, 593 F.3d at 491; *Madden*, 576 F.3d at 964.  That preservation from preclusion does not, as Ms. Campbell argues, authorize federal question jurisdiction over state law claims.  It only—and quite plainly—saves some "covered class actions" based on state law from removal under subsection (c) and dismissal under subsection (b).  *See Demings*, 593 F.3d at 491; *Madden*, 576 F.3d at 964.  If subsection (d) did what Ms. Campbell suggests, giving this court the jurisdiction to hear actions based purely in state law where no diversity of parties was asserted, the court would have to ask whether Article III allowed it to adjudicate such a case—one that neither arises under the laws of the United States, nor involves citizens of different states, nor seems to satisfy any other constitutional predicate.  But that inquiry is not necessary, because subsection (d) obviously does no such thing.

Nor do any of the other statutes cited by Ms. Campbell confer jurisdiction on this court.  She has not raised a federal question, and so cannot rely upon 28 U.S.C. §§ 1331 or 1337.  There can be no supplemental jurisdiction without original jurisdiction to supplement, so 28 U.S.C. § 1367 does her no good.  And the venue statute, 28 U.S.C. § 1391, is not a source of jurisdiction.

## II.  CONCLUSION

This is a court of limited jurisdiction, possessing "only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  Ms. Campbell has identified no statute that grants the district court jurisdiction over this suit, if indeed the Constitution would allow it.  Her case will therefore be dismissed.

Rudolph Contreras
United States District Judge

Date: March 1, 2013